## IN THE DISTRICT COURT OF KEARNEY COUNTY, KANSAS

Gene R. Eatinger, on behalf of himself and )
all similarly situated royalty owners, )
                 Plaintiffs, )
                  )     Case Number ___2007CV6___

v. )

BP America Production Company, )
                  )
_____Defendant.___)
      (Pursuant to Chapter 60)

### DECLARATION

I, Rex Sharp, attorney of record for the Plaintiffs in the above captioned matter, which I

have caused to be filed, advise the Court that at my request the District Court Clerk:

  X  issued summons in this matter but returned same to me for service; or

  __  I do not want a Summons to issue in this matter at this time and that I will provide the

clerk with a Summons when I determine it should be issued.

I am aware that K.S.A. 60-301 requires the Clerk to issue a Summons for service on each

defendant upon the filing of a Petition and, pursuant to K.S.A. 60-303(b), I specifically notify the

Court that I, as attorney for Plaintiffs, hereby undertake responsibility for service.

Respectfully submitted,

Rex A. Sharp #12350
Barbara C. Frankland #14198
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0500
(913) 901-0419 fax
rsharp@midwest-law.com

ATTORNEYS FOR PLAINTIFFS

## IN THE DISTRICT COURT OF KEARNEY COUNTY, KANSAS

Gene R. Eatinger, on behalf of himself and )
all similarly situated royalty owners, )
)
                Plaintiffs, )
)     Case Number   2007 CV 6
v. )
)
BP America Production Company, )
)
              Defendant. )
      (Pursuant to Chapter 60)

## CLASS ACTION PETITION

    Plaintiff brings this class action petition to recover royalties and would show the Court as follows:

    1.    Plaintiff resides in Kearney County, Kansas, and is a royalty owner of BP America Production Company in one or more wells located and produced from Kearney County, Kansas.

    2.    Defendant BP America Production Company (including predecessors, successors, and affiliates), is believed to be a Delaware corporation with its principal place of business in Texas, doing business in the State of Kansas.  BP America can be served by serving process on its resident agent, The Corporation Company, Inc. 515 S. Kansas Ave. Topeka, KS 66603.

    3.    Jurisdiction and venue are proper in this Court as Defendant does (or at relevant times did) business in this county and failed to pay royalty owners properly for the production from their wells.

    4.    Defendant failed to properly account and pay royalties by self-dealing. Defendant sold gas to an affiliate company which then sold the gas in an arm's length

transaction to an unaffiliated third party.   The Defendant then used the lower affiliate price to calculate royalties rather than the price received in the arm's length sale. Thus, royalty owners, such as Plaintiff, received an improper and low price for the gas instead of an arm's length price.

5.      Plaintiff does not claim individually any damages in excess of $75,000 (including any damages or attorneys fees, prorated), and do not make a claim under any federal law.  The entire class-wide damages may be less than $5 million.  Thus, this case is not removable to federal court unless BP America Production Company can prove by clear and convincing evidence that it has short changed royalty owners by more than $5 million.

7.      The prerequisites of K.S.A. 60-223 are met.

a.  Numerosity is met because BP America Production Company operates more than 2300 oil and gas wells in Kansas with one or more royalty owners for each well.

b.  Commonality and Typicality are met because all royalty owners faced improper pricing and would bring these same or similar causes of action to recover for them.

c.  Adequacy is met because the proposed class representative understands he is to look after the interest of the entire Class and has engaged competent class action counsel to advise him.

d.  Predominance is satisfied because whether an affiliate sale is proper will be the predominate issue for all royalty owners.   The only difference among royalty

owners is the amount of damages (the difference in the price that should have been paid and the price that was paid), which does not destroy a class action.

e. Superiority is met because adjudicating whether the affiliate sales is improper should be done once in a class action rather than multiple times in multiple different courts throughout the State of Kansas, and doing so for one individual royalty owner would not be cost effective even if the royalty owner prevailed.

8.     The Class shall be defined as follows:

"All royalty owners of BP America Production Company (including predecessors, successors, and affiliates) whose gas was sold to a BP America affiliate from Kansas, Colorado, and Wyoming wells that are still producing or from wells that ceased production in the last 5 years."

9.     As a result of the above mentioned conduct, Plaintiff and the Class are entitled to an accounting, and Defendant has breached the oil and gas lease causing damages to Plaintiff and the Class.

WHEREFORE, this case should be certified as a class action and BP America Production Company should be ordered to provide an accounting and pay the Class for improper pricing.

Respectfully submitted,

Rex A. Sharp KBA#12350
Barbara C. Frankland KBA#14198
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS  66208
(913) 901-0500
(913) 901-0419 fax
rsharp@midwest-law.com

3

David E. Sharp
Gunderson Sharp & Walke, LLP
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2337
(713) 583-5448 fax
dsharp@midwest-law.com

HITE, FANNING & HONEYMAN L.L.P.
100 North Broadway, Suite 950
Wichita, KS 67202
Telephone:  316-265-7741
Facsimile:  316-267-7803

FAX  FILED

## IN THE TWENTY FIFTH JUDICIAL DISTRICT
## DISTRICT COURT, KEARNEY COUNTY, KANSAS
## CIVIL DEPARTMENT

| | |
|---|---|
| GENE R. EATINGER, on behalf of himself and all similarly situated royalty owners, <br><br> Plaintiff, <br><br> v. <br><br> BP AMERICA PRODUCTION COMPANY. <br><br> Defendant. | Case No.  07 CV 6 |

## NOTICE OF FILING OF REMOVAL

To:     Clerk of the District Court of Kearney County, Kansas.

Please take notice that defendant BP America Production Company in the above entitled

action has on this 7th day of September 2007, filed a Notice of Removal, a copy of which is

attached hereto, in the office of the Clerk of the United States District Court for the District of

Kansas, at Wichita, Kansas, thereby effecting removal of this case.

Dated this 7th day of September 2007.

HITE, FANNING & HONEYMAN L.L.P.

By: _____
Bradley J. LaForge #20323
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _7th_ day of September 2007, a true and correct copy of the above and foregoing was sent by electronic and first class mail to:

> Rex A. Sharp
> Barbara C. Frankland
> Gunderson, Sharp & Walke, L.L.P.
> 5301 W. 75th Street
> Prairie Village, Kansas 66208
> 913-901-0500
> 913-901-0419 (facsimile)
> rsharp@midwest-law.com
>
> David E. Sharp
> Gunderson, Sharp & Walke, L.L.P.
> 700 Louisiana, Suite 2300
> Houston, Texas 77002
> 713-221-2337
> 713-583-5448 (facsimile)
> dsharp@midwest-law.com

_____
Bradley J. LaForge

3759958_1.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Civil Action No. 07-cv-_____

GENE R. EATINGER, on behalf of himself and
all similarly situated royalty owners,

      Plaintiff,

vs.

BP AMERICA PRODUCTION COMPANY,

      Defendant.

---

## DEFENDANT BP AMERICA PRODUCTION COMPANY'S NOTICE OF REMOVAL

    Defendant BP America Production Company respectfully submits this Notice of Removal according to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446 on the following grounds:

    1.    On August 6, 2007, plaintiff Gene R. Eatinger ("Eatinger") filed a complaint individually, and on behalf of a proposed class of royalty owners, captioned *Gene R. Eatinger v. BP America Production Company* in the District Court of Kearney County, Kansas. A copy of the complaint, entitled "Class Action Petition," is attached as *Exhibit A*.

    2.    The State Court accepted the filing and assigned Case No. 2007 CV 6.

    3.    Plaintiff Gene R. Eatinger is an individual who resides in Kearney County, Kansas. *Exhibit A* at 1 ¶ 1. He is a citizen of Kansas. *Exhibit B* at 2 ¶ 6.

    4.    On August 10, 2007, defendant BP America Production Company ("BPAPC") received a copy of the complaint by service. The service documents are attached as *Exhibit C*.

    5.    BPAPC is a Delaware corporation with a principal place of business in Texas.

6.     BPAPC has not yet answered or otherwise responded to the State Court complaint.  To BPAPC's knowledge, no other process, pleading or order has been filed or served in the State Court action.

7.     In the State Court complaint, plaintiff Eatinger claims breach of contract individually and on behalf of the following class:

> **All royalty owners of BP America Production Company (including predecessors, successors and affiliates) whose gas was sold to a BP America affiliate from Kansas, Colorado, and Wyoming wells that are still producing or from wells that ceased production in the last 5 years.**

*Exhibit A* at 2 ¶¶ 8-9.

8.     Plaintiff Eatinger seeks damages and attorneys' fees individually and on behalf of the proposed class. *Exhibit A* at 2 ¶ 5, 3 ¶ 9.

### FIRST INDEPENDENT BASIS FOR REMOVAL – THE CLASS ACTION FAIRNESS ACT

9.     **The proposed class has 100 members or more.**  The complaint alleges that this matter involves "more than 2300 oil and gas wells in Kansas with one or more royalty owners for each well." *Exhibit A* at 2 ¶ 7(a).  Moreover, the proposed class includes additional royalty owners in Colorado and Wyoming as well.

10.    **There is diversity of citizenship.**  Plaintiff Eatinger is a citizen of Kansas, and BPAPC is a citizen of Delaware and Texas.  Moreover, the proposed class includes hundreds of citizens of Colorado, Kansas and Wyoming. *Exhibit D* at 2 ¶ 6.

11.    **The amount in controversy exceeds the jurisdictional minimum.**  Counsel for the proposed class has refused to stipulate that the proposed class "does not claim and will not

2

seek to recover in excess of $5,000,000 in aggregate damages." *Exhibit B* at 1-2 ¶¶ 2-5.

Moreover, the complaint states that the "entire class-wide damages *may* be less than $5 million."

*Exhibit A* at 2 ¶ 5 (emphasis added).

12.     Finally, based on plaintiff Eatinger's proposed class definition, BPAPC has

calculated the minimum amount of total royalty payments alleged to be in controversy to be at

least $693,000,000. *Exhibit D* at 1-2 ¶¶ 2-5. Therefore, unless plaintiff Eatinger is claiming less

than a .7215009% underpayment of royalty on behalf of the proposed class, the amount in

controversy exceeds $5,000,000.[1]

13.     **Removal is timely.** BPAPC first received a copy of the complaint on

August 10, 2007. Less than thirty days later, on September 7, 2007, BPAPC filed this Notice.

14.     This Court, therefore, has jurisdiction according to 28 U.S.C. §§ 1332(d), 1441

and 1446.

### SECOND INDEPENDENT BASIS FOR REMOVAL – DIVERSITY JURISDICTION

15.     **There is diversity of citizenship.** Plaintiff Eatinger is a citizen of Kansas, and

BPAPC is a citizen of Delaware and Texas.

16.     **The amount in controversy exceeds the jurisdictional minimum.** Counsel for

the proposed class has refused to stipulate that plaintiff Gene R. Eatinger, individually, "does not

claim and will not seek to recover in excess of $75,000 in damages (including attorneys' fees

incurred through September 7, 2007)." *Exhibit B* at 1-2 ¶¶ 2-5. Moreover, based on plaintiff

---

[1]     $5,000,001 divided by $693,000,000 is approximately .007215009, or .7215009%.
Therefore, if plaintiff Eatinger is claiming more than a .7215009% underpayment of royalty on
behalf of the class, the jurisdictional minimum is met. For example, a .75% underpayment claim
yields an amount in controversy of $5,197,500.

3

Eatinger's statement of his claim, BPAPC has calculated the minimum amount of total royalty payments alleged to be in controversy to be at least $441,000. *Exhibit E* at 1-2 ¶¶ 2-3. Therefore, unless plaintiff Eatinger is claiming less than a 15.88% underpayment of royalty individually and his counsel incurred less than $5,000 in attorneys' fees through September 7, 2007, the amount in controversy exceeds $75,000.[2]

17. **Removal is timely.** BPAPC first received a copy of the complaint on August 10, 2007. Less than thirty days later, on September 7, 2007, BPAPC filed this Notice.

18. This Court, therefore, has jurisdiction according to 28 U.S.C. §§ 1332(a), 1441 and 1446.

## SERVICE AND FILINGS

19. According to 28 U.S.C. § 1446(d), copies of this Notice have been served on counsel for plaintiff Eatinger and filed with the Clerk of the District Court, Kearney County, Kansas. In addition, according to Local Rule 81.1, BPAPC has included all pleadings and papers filed in the State Court action as Exhibits A and C to this Notice. Finally, there are no hearings set in the State Court from which this case is being removed.

## THERE IS NO WAIVER

20. By filing this Notice, BPAPC does not waive any of its rights or defenses including, without limitation, improper venue, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

---

[2] $70,001 divided by $441,000 is approximately .1587, or 15.88%. Therefore, if plaintiff Eatinger is claiming more than a 15.88% underpayment of royalty individually, the jurisdictional minimum is met. For example, a 16% underpayment claim yields damages of $70,560. Adding attorneys' fees of $5,000 through September 7, 2007 results in a total of $75,560.

Dated:  September 7, 2007

Respectfully submitted:

*s/ Bradley J. LaForge*
Richard C. Hite
Arthur S. Chalmers
Bradley J. LaForge
HITE, FANNING & HONEYMAN LLP
100 North Broadway, Suite 950
Wichita, Kansas 67202-2209
316-265-7741
316-267-7803 (facsimile)
hite@hitefanning.com
chalmers@hitefanning.com
laforge@hitefanning.com

Scott S. Barker
Joseph T. Jaros
Danielle R. Voorhees
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Phone: (303) 295-8000
Fax: (303) 295-8261
sbarker@hollandhart.com
jjaros@hollandhart.com
dvoorhees@hollandhart.com

ATTORNEYS FOR DEFENDANT
BP AMERICA PRODUCTION COMPANY

5

## CERTIFICATE OF SERVICE

I hereby certify that, on September 7, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served the foregoing upon the following counsel by electronic and first class mail:

Rex A. Sharp
Barbara C. Frankland
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, Kansas 66208
913-901-0500
913-901-0419 (facsimile)
rsharp@midwest-law.com

David E. Sharp
Gunderson, Sharp & Walke, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
713-221-2337
713-583-5448 (facsimile)
dsharp@midwest-law.com

*s/ Bradley J. LaForge*

3759063_1.DOC

6

## IN THE DISTRICT COURT OF KEARNEY COUNTY, KANSAS

Gene R. Eatinger, on behalf of himself and )
all similarly situated royalty owners, )
          )
      Plaintiffs, )
          )   Case Number _2007 CV 6_
v. )
          )
BP America Production Company, )
          )
      Defendant. )
   (Pursuant to Chapter 60)

### CLASS ACTION PETITION

    Plaintiff brings this class action petition to recover royalties and would show the Court as follows:

    1.   Plaintiff resides in Kearney County, Kansas, and is a royalty owner of BP America Production Company in one or more wells located and produced from Kearney County, Kansas.

    2.   Defendant BP America Production Company (including predecessors, successors, and affiliates), is believed to be a Delaware corporation with its principal place of business in Texas, doing business in the State of Kansas. BP America can be served by serving process on its resident agent, The Corporation Company, Inc. 515 S. Kansas Ave. Topeka, KS 66603.

    3.   Jurisdiction and venue are proper in this Court as Defendant does (or at relevant times did) business in this county and failed to pay royalty owners properly for the production from their wells.

    4.   Defendant failed to properly account and pay royalties by self-dealing. Defendant sold gas to an affiliate company which then sold the gas in an arm's length



EXHIBIT

_A_

to Not. of Rem.

transaction to an unaffiliated third party. The Defendant then used the lower affiliate price to calculate royalties rather than the price received in the arm's length sale. Thus, royalty owners, such as Plaintiff, received an improper and low price for the gas instead of an arm's length price.

5.      Plaintiff does not claim individually any damages in excess of $75,000 (including any damages or attorneys fees, prorated), and do not make a claim under any federal law. The entire class-wide damages may be less than $5 million. Thus, this case is not removable to federal court unless BP America Production Company can prove by clear and convincing evidence that it has short changed royalty owners by more than $5 million.

7.      The prerequisites of K.S.A. 60-223 are met.

        a. Numerosity is met because BP America Production Company operates more than 2300 oil and gas wells in Kansas with one or more royalty owners for each well.

        b. Commonality and Typicality are met because all royalty owners faced improper pricing and would bring these same or similar causes of action to recover for them.

        c. Adequacy is met because the proposed class representative understands he is to look after the interest of the entire Class and has engaged competent class action counsel to advise him.

        d. Predominance is satisfied because whether an affiliate sale is proper will be the predominate issue for all royalty owners. The only difference among royalty

owners is the amount of damages (the difference in the price that should have been paid and the price that was paid), which does not destroy a class action.

       e.   Superiority is met because adjudicating whether the affiliate sales is improper should be done once in a class action rather than multiple times in multiple different courts throughout the State of Kansas, and doing so for one individual royalty owner would not be cost effective even if the royalty owner prevailed.

       8.   The Class shall be defined as follows:

"All royalty owners of BP America Production Company (including predecessors, successors, and affiliates) whose gas was sold to a BP America affiliate from Kansas, Colorado, and Wyoming wells that are still producing or from wells that ceased production in the last 5 years."

       9.   As a result of the above mentioned conduct, Plaintiff and the Class are entitled to an accounting, and Defendant has breached the oil and gas lease causing damages to Plaintiff and the Class.

       WHEREFORE, this case should be certified as a class action and BP America Production Company should be ordered to provide an accounting and pay the Class for improper pricing.

                      Respectfully submitted,

                      Rex A. Sharp KBA#12350
                      Barbara C. Frankland KBA#14198
                      Gunderson, Sharp & Walke, L.L.P.
                      5301 W. 75th Street
                      Prairie Village, KS  66208
                      (913) 901-0500
                      (913) 901-0419 fax
                      rsharp@midwest-law.com

David E. Sharp
Gunderson Sharp & Walke, LLP
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2337
(713) 583-5448 fax
dsharp@midwest-law.com

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Civil Action No. 07-cv-_____

GENE R. EATINGER, on behalf of himself and
all similarly situated royalty owners,

     Plaintiff,

vs.

BP AMERICA PRODUCTION COMPANY,

     Defendant.

---

## DECLARATION OF SCOTT S. BARKER

---

I, Scott S. Barker, state that:

    1.    I am an attorney with the law firm of Holland & Hart LLP, and trial counsel for BP America Production Company in the above-captioned case.

    2.    On August 28, 2007, I sent a letter to opposing counsel, Rex Sharp, by email and facsimile. A true and correct copy of the letter is attached as *Exhibit 1*.

    3.    In the letter, I proposed that the parties enter into a written stipulation concerning the damages sought by plaintiff Gene R. Eatinger individually, and on behalf of the proposed class. Specifically, I asked Mr. Sharp to stipulate that the proposed class "does not claim and will not seek to recover in excess of $5,000,000 in aggregate damages" in this case. *Exhibit 1* ¶ 2. In addition, I asked Mr. Sharp to stipulate that plaintiff Gene R. Eatinger, individually, "does not claim and will not seek to recover in excess of $75,000 in damages (including attorneys' fees incurred through September 7, 2007)." *Exhibit 1* ¶ 1.



EXHIBIT

*B*

to Not. of Rem.

4.      In addition, I asked for a stipulation that Gene R. Eatinger is a citizen of Kansas. *Exhibit 1* ¶ 4.

5.      Mr. Sharp responded by email on August 31, 2007.  A true and correct copy of our email communications that day is attached as *Exhibit 2.* Stated simply, Mr. Sharp asked for an enormous amount of information from BP America Production Company, and ultimately refused to enter into the proposed damages stipulations.

6.      Finally, based on Mr. Sharp's responses, I concluded that plaintiff Gene R. Eatinger is a resident and citizen of Kansas.  *See Exhibit 2.*

7.      I declare under penalty of perjury, under the laws of the United States of America, 28 U.S.C. § 1746, that the preceding paragraphs are true and correct.

Dated: September 5 , 2007

Scott S. Barker

# HOLLAND & HART LLP 

**Scott S. Barker**
Phone (303) 295-8513
Fax (303) 975-5416
sbarker@hollandhart.com

14328.0054

August 28, 2007

*By electronic mail and facsimile*

Rex A. Sharp, Esq.
Gunderson Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208

**Re:** *Eatinger v. BP America Production Company*, 2007CV6

Dear Rex:

We represent BP America Production Company in the *Eatinger* matter recently filed in Kearney County, Kansas.

I write to propose that the parties enter into a written stipulation as follows:

1. Plaintiff Gene R. Eatinger, individually, does not claim and will not seek to recover in excess of $75,000 in damages (including attorneys' fees incurred through September 7, 2007) in *Eatinger v. BP America Production Company*, 2007CV6 (filed August 6, 2007 in Kearney County, Kansas) (this "Action").

2. Plaintiff Gene R. Eatinger, individually and on behalf of all similarly situated royalty owners, does not claim and will not seek to recover in excess of $5,000,000 in aggregate damages in this Action.

3. Plaintiff Gene R. Eatinger, individually and on behalf of all similarly situated royalty owners, does not claim and will not seek to recover punitive damages in this Action.

4. Plaintiff Gene R. Eatinger is a citizen of Kansas.

**Holland & Hart** LLP
Phone [303] 295-8000  Fax [303] 295-8261  www.hollandhart.com
555 17th Street  Suite 3200  Denver, CO  80202   Mailing Address  P.O. Box 8749  Denver, CO  80201-8749
Aspen   Billings   Boise   Boulder   Cheyenne   Colorado Springs   Denver   Denver Tech Center   Jackson Hole   Salt Lake City   Santa Fe   Washington, D.C.

Exhibit 1 to
Barker Declaration



August 28, 2007
Page 2

Please let us know if Mr. Eatinger will stipulate to these facts by 5:00pm CDT on Friday, August 31, 2007.

Very truly yours,

Scott S. Barker
of Holland & Hart LLP

cc:     Frank Monago, Esq.
        Dick Hite, Esq.
        Joe Jaros, Esq.

3756102_1.DOC

## Joe Jaros

**From:**   Scott Barker
**Sent:**   Friday, August 31, 2007 1:38 PM
**To:**     'Monago, Frank'
**Cc:**     Horneyer, Michael; Joe Jaros
**Subject:** FW: Eatinger v. BP America Production Company, Case No. 2007CV6

FYI.

---

**From:** Scott Barker
**Sent:** Friday, August 31, 2007 1:31 PM
**To:** 'Rex Sharp'
**Subject:** RE: Eatinger v. BP America Production Company, Case No. 2007CV6

Rex -

We can't toll the removal date.

Would you consider dismissing the state case without prejudice and refiling in federal court?

Scott

> **From:** Rex Sharp [mailto:rsharp@midwest-law.com]
> **Sent:** Friday, August 31, 2007 1:23 PM
> **To:** Scott Barker
> **Subject:** RE: Eatinger v. BP America Production Company, Case No. 2007CV6
>
> Scott,
> I understand. If you are inclined to try, we might consider a tolling agreement while you gathered the information.
> Rex

> **From:** Scott Barker [mailto:SBarker@hollandhart.com]
> **Sent:** Friday, August 31, 2007 2:15 PM
> **To:** Rex Sharp
> **Subject:** RE: Eatinger v. BP America Production Company, Case No. 2007CV6
>
> Rex -
>
> Thanks you for your response.
>
> We appreciate your stipulation on Mr. Eatinger's Kansas residence/citizenship.
>
> With respect to the amount in controversy, given the broad/vague class definition contained in the class action petition and the fact that, on its face, the proposed class embraces BP's gas production in three states in which it has substantial gas

Exhibit 2 to
Barker Declaration

properties, over a five year period, there is simply no way that BP could provide the information you seek by next week, when it has to decide whether to remove the case to federal court.

Scott

**From:** Rex Sharp [mailto:rsharp@midwest-law.com]
**Sent:** Friday, August 31, 2007 8:26 AM
**To:** Louann Jamieson; Scott Barker
**Subject:** Eatinger v. BP America Production Company, Case No. 2007CV6

Louann and Scott,
Thanks for the email. I have been out of town or I would have responded earlier.
I can stipulate to the information in my possession, that Mr. Eatinger is a Kansas resident, but I will need some information from your client on an expedited basis to determine when they started selling to affiliates, how much total dollar value of gas was sold that way, and the difference between the price paid by the affiliate and the price later paid by an unaffiliated third party. If I had that information, I might be in a position to stipulate.
Please advise.
Rex

**From:** Louann Jamieson [mailto:LJamieson@hollandhart.com]
**Sent:** Tuesday, August 28, 2007 10:40 AM
**To:** rsharp@midwest-law.com
**Cc:** Scott Barker
**Subject:** [Norton AntiSpam] Eatinger v. BP America Production Company, Case No. 2007CV6

Good morning, Mr. Sharp. Please find attached letter regarding subject case. Thanks.

**Louann Jamieson**
**Legal Secretary**
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone (303) 295-8222
E-mail: ljamieson@hollandhart.com



HOLLAND & HART
THE LAW OUT WEST

**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you i error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

9/5/2007

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/10/2007
Log Number 512484930

|||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**      John Everhardus
             BP America Inc.
             4101 Winfield Road, Mail Code 5 West
             Warrenville, IL, 60555

**RE:**      **Process Served in Kansas**

**FOR:**     BP America Production Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gene R. Eatinger, individually and on behalf of all others similarly situated, Pltf. vs. BP America Production Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons (2 sets), Petition (2 sets) |
| **COURT/AGENCY:** | Kearny County District Court, KS<br>Case # 07CV6 |
| **NATURE OF ACTION:** | Class action failure by dft. to calculate payment of oil and gas royalties at the price received in an arm's length transaction |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Inc., Topeka, KS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/10/2007 postmarked on 08/08/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Rex A. Sharp<br>Gunderson, Sharp & Walke, L.L.P.<br>5301 West 75th Street<br>Prairie Village, KS, 66208<br>913-901-0500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791363465910<br>Image SOP - Page(s): 12<br>Email Notification, Katherine Johnson katherine.johnson@bp.com<br>Email Notification, John Everhardus John.Everhardus@bp.com<br>Email Notification, Jennifer Iraci jennifer.iraci@bp.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company, Inc.<br>515 South Kansas Avenue<br>Topeka, KS, 66603 |
| **TELEPHONE:** | 785-233-0593 |

Page 1 of 1 / LM

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

**EXHIBIT**
_C_
to Not. of Rem.

# GS GundersonSharp
## Gunderson, Sharp & Walke, LLP

Barbara C. Frankland*
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-9099
(913) 901-0419 – Facsimile
bfrankland@midwest-law.com

August 8, 2007

**VIA CERTIFIED MAIL (RRR)**

The Corporation Company
515 S. Kansas Ave.
Topeka, KS 66603

    *RE:* Eatinger v. BP America Production Company, Case No. 2007-CV-6

To Whom It May Concern:

    Enclosed please find two file-stamped copies of a Class Action Petition and Summons. As its registered agent, please arrange for service of the documents to BP America Production Company.

    Respectfully,

Barbara C. Frankland
For the Firm

Encl.

*Gunderson Law, P.C., general partner (Des Moines, IA Office)*
*Rex A. Sharp, P.A., general partner (Kansas City, KS Office)*
   * *Admitted in KS, MO, and CA*

THE DISTRICT COURT OF KEARNEY COUNTY, KANSAS

GENE R. EATINGER, individually and
on behalf of all others similarly situated,
                                 **PLAINTIFF**

CASE NO. *2007Civ*

DIVISION _____

K.S.A. CHAPTER 60

VS

BP AMERICA PRODUCTION COMPANY,
                                 **DEFENDANT**

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

    You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff attorney as follows:

NAME:         Rex A. Sharp

ADDRESS:   Gunderson Sharp & Walke, L.L.P.
                    5301 W. 75th Street
                    Prairie Village, KS 66208

within 30 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

(SEAL)                                     Clerk of the District Court

DATED: *August 6, 2007*             BY: *Catherine A. Cole*

### RETURN OF SERVICE OF SUMMONS

STATE OF _____ )
                         ) SS.
COUNTY OF _____ )

    I hereby certify that on the _____ day of _____ ,20 _____, I served the foregoing summons, together with a copy of the petition _____

upon the defendant _____

by delivering to _____ at

_____ at

_____ a.m./p.m. in the County of _____ , State of _____ .

_____         _____         _____
Signature                      Title                  County & State

### OUT OF STATE CLERK'S CERTIFICATE

Subscribed and sworn to before me this date, by above deputy, who I certify was at the date of such service and now is _____ of _____ County in the State of _____ and is authorized to service process in civil actions within said state and is an officer of the court of which I am the clerk. Witness my hand and the seal of this Court.

(SEAL)
DATE: _____

_____
               CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Civil Action No. 07-cv-_____

GENE R. EATINGER, on behalf of himself and
all similarly situated royalty owners,

      Plaintiff,

vs.

BP AMERICA PRODUCTION COMPANY,

      Defendant.

---

## DECLARATION OF SHERI McKEWON

---

I, Sheri McKewon, state that:

1.     I am a Financial Analyst in the Tulsa office of IBM. IBM is the independent contractor that handles the accounting for and payment of gas royalty for BP America Production Company ("BPAPC"). I have worked with the accounting and gas royalty records of BPAPC and its predecessors for approximately the last twenty-five years. I have personal knowledge of the IBM accounting systems and gas royalty payment data for BPAPC.

2.     Counsel for BPAPC asked me to gather gas royalty payment data for Colorado, Kansas and Wyoming that had been previously generated from the records kept by IBM in the ordinary course of its business for BPAPC. Specifically, I was asked to prepare a summary chart of the total gas royalty payments made in Colorado, Kansas and Wyoming based on BPAPC affiliate sales from 1997 to the present. Because some of the data may be limited to the scope of previous litigation (for example, the Kansas total excludes some types of royalty owners),



EXHIBIT

tabbies

to Not. of Rem.

the summary of gas royalty payments is underinclusive. In addition, I was asked to exclude gas royalty payments to the Federal Government.

3.       I have attached a true and correct copy of this gas royalty payment summary chart ("Summary") as *Exhibit 1*. The Summary was generated from the accounting records kept in the ordinary course of IBM's business for BPAPC. It shows that, for the periods and locations that data was readily available, BPAPC paid a total of $693,049,001 to private and State gas royalty owners in Colorado, Kansas and Wyoming based on sales of gas to affiliates of BPAPC. The Summary does not reflect payments to the Federal Government.

4.       Because data was not readily available for approximately eight of years across the three states, the $639,049,001 total royalty payment figure is far less than the total amount BPAPC paid to private and State gas royalty owners in Colorado, Kansas and Wyoming based on sales to BPAPC affiliates. In short, $693,049,001 is the minimum amount BPAPC has paid across the three states over the last ten years.

5.       Notes (1), (2) and (3) on *Exhibit 1* explain the time period limitations of the data.

6.       I was also asked by counsel to confirm that many of the royalty owners included in the Summary have payment addresses in Colorado, Kansas and Wyoming. Based on my review of this address data, I can confirm that there at least 600 royalty owners who are included in the Summary and have a current payment address in Colorado, Kansas or Wyoming.

7.       I declare under penalty of perjury, under the laws of the United States of America, 28 U.S.C. § 1746, that the preceding paragraphs are true and correct.

2

Dated: September ___6___, 2007

Sheri McKewon
Sheri McKewon

BP CONFIDENTIAL

EATINGER v BPAPC

OWNER GROSS VALUE FROM PAYMENT DETAIL RECORDS USED FOR OTHER SETTLEMENT PURPOSES
MAJOR PRODUCT CODE 2 - GAS - IF CONTRACT TYPE 24 (SALES TO AFFILIATES)

DATA SOURCE:

| SALES YEAR | COLORADO PRIVATE & STATE ROYALTY AND OVERRIDE (1) PARRY LITIGATION (1) | COLORADO SOUTHERN UTE OVERRIDE S UTE VALUATION | WYOMING PRIVATE & STATE ROYALTY AND OVERRIDE BISHOP LITIGATION (2) | KANSAS PRIVATE & STATE ROYALTY YOUNGREN LITIGATION (3) | TOTAL ROYALTY AND OVERRIDE |
|---|---|---|---|---|---|
| 1997 | $ 19,570,260 | $ 169,630 | $ 33,407,702 | $ 20,113,052 | $ 73,260,644 |
| 1998 | 16,822,927 | 236,626 | 27,928,008 | 12,665,847 | 57,653,408 |
| 1999 | 17,747,583 | 329,257 | 30,076,937 | 12,178,430 | 60,332,217 |
| 2000 | 33,275,186 | 493,156 | 48,156,603 | 21,395,773 | 103,322,717 |
| 2001 | 44,378,485 | 906,406 | 47,482,685 | 22,059,286 | 114,824,662 |
| 2002 | 31,392,416 | 1,671,110 | 27,035,129 | 14,258,661 | 74,357,315 |
| 2003 | 64,117,982 | 3,076,978 | 55,861,153 | 24,445,388 | 147,491,501 |
| 2004 | | 2,882,853 | 50,231,605 | 7,066,944 | 60,181,403 |
| 2005 | | 1,624,933 | | | 1,624,933 |
| 2006 | | | | | |
| 2006 | | | | | |
| TOTAL | $ 227,302,849 | $ 11,390,949 | $ 320,171,821 | $ 134,183,382 | $ 693,049,001 |

(1) Colorado - Parry Data is for Archuleta and La Plata Counties only
(2) Wyoming - Bishop Data for 2004 is through 10/2004 only
(3) Kansas - Youngren Data for 2004 is through 5/2004 only

Actual Payment Data Check Detail.xls

Exhibit 1 to
McKewon Declaration

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Civil Action No. 07-cv-_____

GENE R. EATINGER, on behalf of himself and
all similarly situated royalty owners,

      Plaintiff,

vs.

BP AMERICA PRODUCTION COMPANY,

      Defendant.

---

## DECLARATION OF DONALD R. SAXTON

---

I, Donald R. Saxton, state that:

1.      I am a Manager – Audit and Litigation Support in the Tulsa office of IBM.
IBM is the independent contractor that handles the accounting for and payment of gas royalty for
BP America Production Company ("BPAPC"). I worked for Amoco, a predecessor to BP, from
about 1980 to 1999, and have worked with the accounting and gas royalty records of BPAPC and
its predecessors for approximately the last three years. I have personal knowledge of the IBM
accounting systems and gas royalty payment data for BPAPC.

2.      Counsel for BPAPC asked me to extract the gas and NGL royalty payment data
for Gene R. Eatinger for Colorado, Kansas and Wyoming wells from 1997 to present from the
records kept in the ordinary course of IBM's business for BPAPC. A true and correct copy of
this data extraction has been provided to counsel for BPAPC. Because it may contain the
personal and confidential information of Mr. Eatinger, and it is 177 pages long printed, I have

EXHIBIT

$\mathcal{E}$

to Not. of Rem.

not attached a copy. My understanding is that counsel for BPAPC will provide a copy to counsel for Mr. Eatinger.

3.       In addition, I was asked to use this data extraction to calculate the total amount of gas and NGL royalty payments to Gene R. Eatinger based on sales of gas and NGLs to affiliates of BPAPC. A true and correct copy of these amounts, which total over $441,000, is attached as *Exhibit 1*.

4.       I declare under penalty of perjury, under the laws of the United States of America, 28 U.S.C. § 1746, that the preceding paragraphs are true and correct.

Dated: September 7, 2007

Donald R. Saxton

| Sum of OWNGRVAL | | |
|---|---|---|
| SALESYR | PRODCDE | Total |
| 1997 | 204 | 18875.36 |
| | 400 | 5404.64 |
| 1997 Total | | 24280 |
| 1998 | 204 | 18193.87 |
| | 400 | 5348.16 |
| 1998 Total | | 23542.03 |
| 1999 | 204 | 17210.98 |
| | 400 | 9290.2 |
| 1999 Total | | 26501.18 |
| 2000 | 204 | 29957.82 |
| | 400 | 15360.9 |
| 2000 Total | | 45318.72 |
| 2001 | 204 | 30788.52 |
| | 400 | 12548.28 |
| 2001 Total | | 43336.8 |
| 2002 | 204 | 17042.79 |
| | 400 | 8399.29 |
| 2002 Total | | 25442.08 |
| Grand Total | | 188420.81 |

| 204 Total | 132069.34 |
|---|---|
| 400 Total | 56351.47 |
| Grand Total | 188420.81 |

Exhibit 1 to
Saxton Declaration

| Sum of OWNER GR VAL | | |
|---|---|---|
| SALES YEAR | PRD | Total |
| 1999 | 400 | 0.01 |
| 1999 Total | | 0.01 |
| 2001 | 204 | 2.3 |
| | 400 | 0 |
| 2001 Total | | 2.3 |
| 2002 | 204 | 2117.03 |
| | 400 | 1020.3 |
| 2002 Total | | 3137.33 |
| 2003 | 204 | 34362.78 |
| | 400 | 13436.34 |
| 2003 Total | | 47799.12 |
| 2004 | 204 | 38370.57 |
| | 400 | 14656.04 |
| 2004 Total | | 53026.61 |
| 2005 | 204 | 50219.83 |
| | 400 | 17527.48 |
| 2005 Total | | 67747.31 |
| 2006 | 204 | 38219.84 |
| | 400 | 18863.63 |
| 2006 Total | | 57083.47 |
| 2007 | 204 | 16301.87 |
| | 400 | 8459.25 |
| 2007 Total | | 24761.12 |
| Grand Total | | 253557.27 |

| | |
|---|---|
| 204 Total | 179594.22 |
| 400 Total | 73963.05 |
| Grand Total | 253557.27 |