# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GENE R. EATINGER, on behalf of
himself and all similarly situated royalty
owners,

        Plaintiffs,

vs.

BP AMERICA PRODUCTION
COMPANY,

        Defendant.

Case No. 07-1266-JTM

## MEMORANDUM AND ORDER

Presently before the court is plaintiff Gene Eatinger's motion to remand to state court (Dkt. No. 6). For the reasons stated below, Mr. Eatinger's motion is denied.

*I. Background*

Mr. Eatinger filed a complaint on behalf of himself and all similarly situated royalty owners on August 6, 2007, in the District Court of Kearney County, Kansas, Case No. 2007 CV 6. The complaint alleged that, due to self-dealing, the defendant, BP America Production Company (BP), failed to properly account and pay royalties to the plaintiff and the class.

On September 7, 2007, BP filed a notice of removal in this court, and offered two independent bases for removal: (1) the Class Action Fairness Act (CAFA), Pub L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.); and (2) diversity jurisdiction.

Mr. Eatinger moves to remand this matter to state court.  He contends that removal was improper because BP failed to meet its burden to establish the requisite amount in controversy of $5 million under CAFA, or $75,000 under diversity jurisdiction, and instead improperly seeks to shift the burden of proof to him.  Further, Mr. Eatinger argues that BP has the information necessary to provide "a calculation to the penny of what the amount in controversy could be."  *See Plaintiff's Brief in Support of Motion to Remand to State Court* (Dkt. No. 7).  Accordingly, the single matter in dispute before this court is whether BP met its burden to establish the requisite amount in controversy.  To determine the answer to that question, this court must also address the burden of proof the movant must meet when the plaintiff has specifically pled that the amount in controversy is below the jurisdictional requirements.

When referencing the class in its notice of removal, BP stated:

> [B]ased on plaintiff Eatinger's proposed class definition, [BP] has calculated the minimum amount of total royalty payments alleged to be in controversy to be at least $693,000,000.  Therefore, unless plaintiff Eatinger is claiming less than a .7215009% underpayment of royalty on behalf of the proposed class, the amount in controversy exceeds $5,000,000.

*Defendant BP's Notice of Removal* (Dkt. No. 1, ¶ 12). In support of this assertion, BP relies upon a declaration of Sheri McKewon, a financial analyst with IBM, which includes a table of figures. (Dkt. No. 1, Exhibit D).

In reference to Mr. Eatinger's individual claim, BP states:

> Counsel for the proposed class has refused to stipulate that plaintiff Gene R. Eatinger, individually, "does not claim and will not seek to recover in excess of $75,000 in damages (including attorneys' fees incurred through September 7, 2007)." Moreover, based on plaintiff Eatinger's statement of his claim, [BP] has calculated the minimum amount of total royalty payments alleged to be in controversy to be at least $441,000. Therefore, unless plaintiff Eatinger is claiming less than a 15.88% underpayment of royalty individually and his counsel incurred less than $5,000 in attorneys' fees through September 7, 2007, the amount in controversy exceeds $75,000.

*Defendant BP's Notice of Removal* (Dkt. No. 1, ¶ 16). In support of these assertions, BP relies upon various exhibits, including affidavits of Scott Barker, attorney with Holland & Hart, and Donald Saxton, manager - audit and litigation support, and copies of correspondence between the parties regarding the stipulation matter.

In the motion to remand, Mr. Eatinger claims that BP has failed to meet its burden of proof to establish the amount in controversy and sets forth a number of arguments, all primarily centered upon BP's claim that Mr. Eatinger refused to stipulate to an amount of damages at stake. First, Mr. Eatinger claimed that he did not refuse to stipulate, and instead offered to consider a stipulation upon receipt of information from BP, which apparently never occurred. Second, Mr. Eatinger argues that a stipulation to an amount in controversy would not be enough to confer jurisdiction upon the federal court, because

parties cannot confer jurisdiction by agreement. Further, Mr. Eatinger contends that BP's argument regarding stipulation is an impermissible reversal of the burden of proof, because the party seeking removal must prove the amount in controversy, and BP has exclusive possession of the facts to determine that exact figure.

BP counters that it has met its burden to establish that the amount in controversy meets the jurisdictional requirements. BP argues that its percentage-based calculations of damages based upon the total amount of royalties paid provides a sufficient basis of proof, and to demand more would create a virtually impossible standard of proof by requiring it to determine the breach of contract claim and then perform an expert analysis of a great deal of royalty payment records in a short amount of time. Further, BP contends that the vague statement in the initial complaint that the amount in controversy "may" exceed $5 million coupled with the refusal of Mr. Eatinger to stipulate that the damages will not exceed the jurisdictional threshold is sufficient to establish jurisdiction in federal court.

## II. *Legal Standard*

Federal courts have limited jurisdiction and must narrowly construe statutes conferring jurisdiction. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004). The party asserting federal jurisdiction bears the burden of establishing it. *Kinross v. Utah Ry. Co.*, 362 F.3d 658, 661 (10th Cir. 2004). Further, a removing party

must meet its burden in the notice of removal itself, not a later document. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When, as in this case, the issue involves removal, a court must resolve all doubt as to the applicability of the removal statute against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). A civil action is removable only if plaintiffs could have originally brought the action in federal court. 28 U.S.C. § 1441(a). If a federal court determines that it lacks subject matter jurisdiction over a removed case, then it must remand the case to state court. *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

CAFA was enacted on February 18, 2005, and "extends the subject matter jurisdiction of the federal courts to encompass putative class actions in which at least one plaintiff class member is diverse from one defendant and where the amount in controversy exceeds $5 million." *Weber v. Mobil Oil Corp.*, No. 06-6337, __ F.3d __ 2007 WL 3317680, at *1 (10th Cir. Nov. 9, 2007) (citing 28 U.S.C. § 1332(d); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1092 (10th Cir. 2005)). Further, jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). In this case, it is undisputed that there is complete diversity among the parties; accordingly, the jurisdictional issue is whether the amount in controversy requirement is met.

## A. Determining the Amount in Controversy

The Tenth Circuit has summarized the rules relating to the determination of the amount in controversy in removal actions:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictionally required amount]." Moreover, there is a presumption against removal jurisdiction.

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal citations omitted) (remanding the case with directions to dismiss due to the failure of the removing party to meet these standards).

The issue in this case is whether BP met its burden to establish the requisite amount in controversy. To determine whether this burden has been met, the court considers the allegations in the complaint and in the notice of removal. *Id.* In its petition, Mr. Eatinger specifically claimed less than the $75,000 and $5 million requisite amount in controversy for his individual claim and class action claim respectively. In its notice of removal, BP devises several arguments based on affidavits and percentages to assert that the jurisdictional requirements have been met, despite Mr. Eatinger's assertions to the contrary. As the movant, BP is required to set forth the underlying facts supporting its assertions regarding the amount in controversy. *Id.* The degree to which it must prove those facts, however, is relatively unclear.

*1. Burden of Proof*

The standard for the burden of proof that the movant must meet is split among the circuits in cases such as the one before the court where the plaintiff specifically pleads less than the requisite amount in controversy in the initial complaint, while the movant argues that the jurisdictional threshold has been crossed in the notice of removal. *See Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1284 FN 15 (D. Kan. 2002) (noting that the Tenth Circuit has not decided such a case); *cf. Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (utilizing the "preponderance of evidence" standard, where the plaintiff did not specifically plead an amount of damages in the state court action).

Circuits deciding such an issue employ various policy arguments to reach different conclusions. In deference to the plaintiff's power to choose the forum and in reliance on attorneys' duty of candor and truthfulness to the tribunal, the Eighth and Eleventh Circuits have required that defendants seeking removal prove with "legal certainty" that the amount in controversy meets the jurisdictional requirements. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (granting plaintiff's request for remand because defendant failed to bear the heavy burden associated with removal when the plaintiff specifically requested an amount in damages below the jurisdictional threshold in the initial state court complaint); *Crenshaw v. Great Cent. Ins. Co.*, 482 F.2d 1255, 1257 (8th Cir. 1973) (noting that plaintiff's proposed amount of damages in a

petition is determinative of jurisdiction unless it appears to a legal certainty that the jurisdictional amount can in fact be met).

Other circuits view such a standard as too heavy a burden, and have opted for the lesser burden of proof that requires the defendant to establish a "substantial likelihood" or "reasonable probability" that the plaintiff intends to seek damages in excess of the federal jurisdictional amount. *See, e.g., Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993) (noting, in dicta, the conflict among the circuits in various removal cases and the use of the "reasonable probability" or "substantial likelihood" standard in some district courts when the plaintiff has specifically claimed less than the federal amount-in-controversy requirement, and ultimately affirming that the district court had subject matter jurisdiction over a diversity action using the "preponderance of the evidence" burden of proof where the plaintiff sought to recover some unspecified amount of damages).

Other Kansas district courts have been faced with the particular dilemma this court currently faces where the plaintiff has expressly pled an amount of damages that is below the jurisdictional threshold, and the defendant asserts otherwise. In *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co.,* the court noted the split among the circuits and concluded that the movant "should be held to a higher burden than a preponderance of evidence," the burden typically used where the plaintiff did not expressly plead an amount of damages in its state court action, and instead adopted for the "reasonable

probability"[1] standard discussed by the Sixth Circuit in *Gafford, supra*. *Coca-Cola Bottling,* 198 F.Supp.2d at 1285. That court concluded that the reasonable probability standard "appropriately considers the presumption against removal and the plaintiff's greater right to choose a forum, while providing defendant a reasonable chance to prove the amount in controversy exceeds $75,000, without burdening the parties and court with a mini-trial on the issue." *Id.*

Using that standard, the court in *Coca-Cola Bottling* held that the movant failed to prove that the claims would exceed the amount in controversy requirement for federal jurisdiction where that movant's notice of removal contained conclusory statements regarding the calculation of fees, and failed to provide any underlying facts in support of those assertions. *Id.* at 1282, 1286. Other district courts in Kansas have utilized the same reasoning. *See, e.g., Porter v. Merck & Co.*, No. 04-2572, 2004 WL 3682055, at *2 (D. Kan. Dec. 28, 2004) (granting remand and noting that when the plaintiff expressly pled an amount of damages lower than the jurisdictional threshold, the defendant has a higher burden than a mere preponderance of the evidence and instead must establish the amount in controversy by a reasonable probability); *Firstar Bank, N.A. v. West-Anderson*, No. 02-2224, 2003 WL 21313849, at *5 n. 6 (D. Kan. Apr. 22, 2003) (granting remand under the reasonable probability standard articulated in *Coca-Cola Bottling*).

---

[1] Instead of utilizing the exact language of the Sixth Circuit, which used the term "reasonable probability", the Kansas District Court instead used the term "reasonable certainty." Because the previous Kansas district court used the analysis of the Sixth Circuit, this court assumes that it meant to use the same phraseology, and therefore, substituted accordingly. The same correction was applied to subsequent district court language used in this order.

In compliance with other courts in this district, this court will also hold the defendant to the burden of establishing the amount in controversy by a reasonable probability where the plaintiff has expressly pled an amount of damages lower than the jurisdictional threshold.  Using that standard, the defendant has met that burden in this case.

*III.  Analysis*

In its notice of removal, defendant included affidavits, complete with figures and percentages.  Based on those figures and the reasoning contained within the documents, BP moved beyond conclusory statements, and instead provided the reasonable probability that the amount in controversy would exceed the jurisdictional amount.  This court finds it most persuasive that if the entire class was underpaid even less than 1% of total royalty payments within the specified period, then the jurisdictional requirement would be met.  With a case of this magnitude, this court will not force this defendant, nor future defendants, to endure a mini-trial on issues that are more appropriately developed in discovery.

Further, plaintiffs had the opportunity to stipulate to an amount below the jurisdictional threshold, yet refused to do so.  In granting remand in a case where the plaintiff specifically pled an amount below the jurisdictional requirement, a Kansas District Court noted that the plaintiff's petition expressly disclaimed relief in excess of the jurisdictional amount, and therefore concluded that the plaintiff effectively waived

any relief in excess of the jurisdictional amount. *Porter*, No. 04-2572, 2004 WL 3682055, at *2. Because of that stipulation, the court reasoned that the defendants had not met and could not meet their burden in trying to prevent remand. *Id.* This ruling is supported by the United States Supreme Court, which noted, "[i]f [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)*; see also* 14C CHARLES A. WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 3725, at 84-85 (3d ed. 1998) ("the action cannot be removed . . . when the plaintiff has a claim for more than the jurisdictional amount but chooses to waive part of it and bring an action in a state court for less than the statutory minimum.").

In this case, the plaintiffs have explicitly refused to waive relief in excess of the jurisdictional amount for the class action claim. Rather than stipulate or concretely claim less than the jurisdictional amount, the plaintiff simply pled that the claims "may" be less than the required amount-in-controversy. The plaintiffs' petition states:

> Plaintiff does not claim individually any damages in excess of $75,000 (including any damages or attorneys fees, prorated), and do not make a claim under any federal law. The entire class-wide damages *may* be less than $5 million.

*Plaintiff's Class Action Petition* (Dkt. No. 1, Ex. A) (emphasis added). With this assertion, it appears that plaintiff is attempting to have it both ways, in that it would like

to remain in state court by pleading an amount below the requisite amount in controversy individually, while leaving the door open for the class to seek damages above the jurisdictional amount. This indecisive and ambiguous language is not sufficient to close the door to the federal courts. For those reasons, remand is improper.

IT IS ACCORDINGLY ORDERED this 17th day of December, 2007 that the plaintiff's motion to remand to state court (Dkt. No. 6) is denied.

s/ J . Thomas Marten<br>
J. THOMAS MARTEN, JUDGE