IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GENE R. EATINGER, on behalf of himself and all similarly situated royalty owners,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. 07-1266-JTM |
| **BP AMERICA PRODUCTION COMPANY,** ) ) ) | |
| **Defendant.** ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for entry of a protective order (Doc. 32). The parties agree, with one exception, to the entry of a protective order. The exception relates to certain protocols proposed by defendant concerning privilege logs. As explained in greater detail below, the motion shall be GRANTED IN PART.

### Privilege Log for In-House Counsel Communications

Defendant proposes that the parties should be excused from listing attorney-client privileged communications and/or work product that occurred after August 10, 2007 on

privilege logs.[1] Plaintiffs agree to the proposal with respect to ***outside counsel*** but argue that ***in-house counsel*** should be required to list on a privilege log all documents and communications that are responsive to discovery requests.[2] Plaintiffs contend that in-house counsel "can be expected to wear multiple hats" in a corporation and requiring in-house counsel to list all communications and documents on a privilege log allows plaintiffs to assess whether the privilege is being abused or claimed where it does not exist. For example, plaintiffs assert that defendant might attempt to claim that an email communication between two corporate employees is protected by the attorney-client privilege merely because in-house counsel was copied with the message.

The problem with plaintiffs' hypothetical is that it assumes, without any foundation or basis, that a corporation is more likely to engage in discovery mischief ***after the case has commenced*** with in-house counsel than with outside counsel. However, if a significant risk exists that a party is abusing the attorney-client privilege by merely copying counsel with ordinary business communications, the risk is the same regardless of whether outside or in-house counsel is involved.

---

[1] August 10, 2007 is the date defendant was served with the complaint. Defendant proposes the following language:

> Privileged communications and privileged or work product documents between the parties and legal counsel dated on or after August 10, 2007 will not be listed on privilege logs, absent a showing of substantial need.

[2] Plaintiffs do not have "in-house" counsel; thus, the burden of listing in-house counsels' legal communications or work product created after August 10, 2007 would fall only on defendant.

Of greater concern to the court is the parties' apparent assumption that there will be a significant amount of discovery concerning corporate communications with in-house counsel ***created after this lawsuit was filed.*** Currently, no such discovery requests are before the court and the court is left to speculate (1) whether plaintiffs merely seek to burden defendant with additional record keeping costs and (2) whether the requested privilege log of in-house counsel communications imposes a substantial burden on defendant. These questions cannot be answered at this early stage of the litigation. The initial scheduling conference has yet to be conducted and there are a number of pending issues which affect discovery: (1) whether discovery of this proposed class action will be conducted in phases and (2) whether this case will be consolidated with a second class action lawsuit involving the same parties (Case No. 08-1003, Dist. of Kansas).[3]

Given these uncertainties, the court declines at this time to adopt defendant's proposed language which exempts in-house counsel from listing any communications or work product documents created after August 10, 2007 from its privilege logs. At this preliminary stage

---

[3] For example, if discovery is conducted in phases with the issue of class certification being resolved first, it is unclear why plaintiffs would need discovery of in-house counsel communications created after the case was filed to support their motion for class certification.

of the case, the court will adopt plaintiffs' proposed language.[4] However, this ruling is without prejudice and the issue may be revisited at defendant's request after the scheduling conference and with the benefit of specific discovery examples.[5]

## Deadline for the Production of Privilege Logs

Defendant also proposes that the protective order include a provision that a privilege log shall be provided 21 days after a party responds in writing to a request for the production of documents. Defendant argues that a 21-day extension is a reasonable amount of time for providing a privilege log. Plaintiff opposes the motion, arguing that the privilege log is due when a party provides its response to the production request and that defendant is effectively asking for 51 days (30 days to respond to a production request plus an additional 21 days)

---

[4]

Plaintiffs propose the following language as an accommodation to defendant:

> Privileged communications and privileged or work product documents pertaining to claims of Mr. Eatinger, individually or as a class representative and passing solely between a party and that party's outside counsel in this case will not be listed on privilege logs; and, privileged communications or work product on or after suit was served on August 10, 2007 that pass to or from in-house counsel, but not outside counsel, shall not have to be listed to the extent such are restricted solely to communications furnished to inside counsel at the specific request of such counsel for use in this litigation, or constitute a report or evaluation of this specific litigation prepared by in-house counsel to management overseeing this litigation.

While not perfect, plaintiffs' proposal limits the burdens placed on defendant.

[5]

Both parties are admonished to review Fed. R. Civ. P. 26(g). The court will entertain sanctions under Rule 26(g) if it is later determined that discovery requests for materials that are obviously privileged "needlessly increase the costs of litigation."

-4-

to provide its privilege log.

Again, there are no specific discovery requests before the court; thus, the court is unable to evaluate the volume of documents that may be involved. Accordingly, the court declines defendant's request for a blanket extension of 21 days to provide a privilege log at this time. The parties should confer over the need for any extensions of time after specific production requests are exchanged and the volume of documents involved can be estimated. If unable to agree to an extension of time, the parties may file a motion for an extension to produce the documents or privilege log. To avoid unnecessary delays, the deadline for a party to file a response opposing an extension shall be shortened to **FIVE CALENDAR DAYS.**[6]

---

[6] Typically, counsel who practice before this court resolve extensions of time to provide documents and/or privilege logs by agreement. The court does not object to such agreements so long as the extension does not affect other deadlines in the scheduling order.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order **(Doc. 32)** is **GRANTED IN PART.** Defendant shall submit a revised order reflecting the rulings herein by **April 25, 2008.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of April 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge