IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE R. EATINGER, on behalf of himself
and all similarly-situated royalty owners,,

    Plaintiff,

vs.

BP AMERICA PRODUCTION COMPANY,

    Defendant.

Case No. 08-1003-JTM

Case No. 07-1266-JTM

MEMORANDUM AND ORDER

This Memorandum and Order addresses pending motions in Case No. 08-1003-JTM and in Case No. 07-1266-JTM and is entered independently in each action. Pursuant to the consolidation ordered herein by the court, all further pleadings in either action shall be filed under the docket for Case No. 07-1266-JTM.

On August 6, 2007, plaintiff Gene R. Eatinger filed *Eatinger I* in Kearny County, claiming that BP America failed to pay royalty owners properly, asserting a class action but stating that "class-wide damages may be less than $5 million." (Pet. at ¶¶ 3, 5). BP America removed the action to this court, designated as Case No. 07-1266-JTM, on September 7, 2007.

Eatinger moved to remand the action on September 19, 2007 (Dkt. No. 6). The court denied Eatinger's motion by a Memorandum Order dated December 17, 2007. (Dkt. No. 16). The court determined that removal jurisdiction was justified under the Class Action Fairness Act (CAFA), CAFA), Pub L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in various sections of 28 U.S.C.).

Noting the language used in plaintiff's Petition, the court observed that "it appears that plaintiff is attempting to have it both ways, in that it would like to remain in state court by pleading an amount below the requisite amount in controversy individually, while leaving the door open for the class to seek damages above the jurisdictional amount. This indecisive and ambiguous language is not sufficient to close the door to the federal courts." (Id. at 11-12).

On November 30, 2007 – while the motion to remand was pending in *Eatinger I* – Eatinger filed *Eatinger II* in Kearny County. The Petition substantially replicates the claims in *Eatinger I* that class-wide damages for unpaid royalties "may" be less than $5 million. (Pet. at ¶¶ 3, 5). On January 2, 2008, after the Court's Order in *Eatinger I*, Eatinger filed a First Amended Petition in Kearny County in *Eatinger II*. The only change in the new Petition was a change in the amount claimed. Eatinger replaced the "may be less than $5 million" language with:

> Class-wide, Plaintiff does not seek or claim, based on presently available information, any right to recover in excess of $5 million. Should that information change, Plaintiff, on behalf of the class, will move for leave to amend to seek in excess of $5 million and consent to removal of this class action under the Class Action Fairness Act (since there is no 1 year removal time limit on CAFA diversity removal).

(Pet. at ¶ 6). BP America removed *Eatinger II* to this court on January 4, 2008. Case No. 08-1003-JTM.

Following denial of the motion to remand, on December 21, 2007, Eatinger moved for permission to appeal the ruling. On December 28, 2007, Eatinger moved for an extension of time in *Eatinger I* pending the outcome of the possible appeal. On January 10, 2008, BP America moved (Dkt. No. 20) to consolidate *Eatinger I* with *Eatinger II*, which, as noted earlier, had been removed four days previously.

**Motion to Remand in Case No. 08-1003-JTM.**

Eatinger's Motion to Remand in *Eatinger II* stresses the language in the Amended Petition which supposedly waives any claim in excess of $5 million. However, that language, previously quoted, does no such thing. Indeed, that language appears to be merely a longer way of saying the same thing the first Petition said: that the plaintiff class *might* seek more than $5 million. Indeed, the language is, if anything, even more suggestive of an eventual attempt to recover in excess of the CAFA threshold.

The plaintiff states:

> Class-wide, Plaintiff does not seek or claim, based on presently available information, any right to recover in excess of $5 million. *Should that information change*, Plaintiff, on behalf of the class, *will move* for leave to amend to seek in excess of $5 million and consent to removal of this proposed class action case

(Pet. at ¶ 6). The original Petition at least left open the possibility that, should the plaintiff class acquire evidence it was entitled to damages in excess of $5 million, it nonetheless would still not seek them. The Amended Petition quite directly dispenses with any such possibility. If the "available information" changes, the plaintiff "will" seek to recover in excess of $5 million.

This is, of course, far short of the sort of unconditional waiver which has been found, in the cases cited by plaintiff, to be a sufficient basis for reducing the amount in controversy. Certainly, as Eatinger stresses, the plaintiff is the "master" of his complaint. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). But, where he uses that mastery to create mere ambiguity and evasion, he cannot be heard to complain too loudly. The court has previously noted, in *Eatinger I*, that the plaintiff's "indecisive and ambiguous language is not sufficient to close the door to the

3

federal courts." (Dkt. No. 16 at 11-12). As to what exactly the plaintiff class seeks to recover, the Amended Petition simply dials the ambiguity up another notch.

BP America properly removed the original Petition under 28 U.S.C. § 1446(b) (providing for attachment of "the initial pleading"). Plaintiff's argument that BP America failed to address the impact of the First Amended Petition is without merit. As noted above, the only substantial information in the new petition was the rewording of the amount supposedly in controversy, and that issue was addressed by BP America in its pleadings. The new, Amended Petition is the same as the old, original Petition, with the addition of some language which purports to waive damages in excess of the CAFA threshold – without of course really doing so.

The evidence submitted by BP America is that the amount in controversy is in fact far in excess of the CAFA threshold, that the potential costs to it of the claims asserted by plaintiff could exceed $12 million. Eatinger has not substantially controverted any of this evidence. The court finds that the present action was properly removed.

**Motion to Consolidate in Case No. 07-1266**

Eatinger has opposed the motion to consolidate, arguing that *Eatinger I* involves claims based on BP America's use of affiliate pricing, while *Eatinger II* involves claims of improper deductions. Eatinger argues that consolidation would not supply jurisdiction otherwise lacking.

BP America argues that the cases involve breach of contract for failure to pay required warranties under oil and gas leases, and that the Court possesses the authority under Rule 42 to consolidate separate causes of action.

The court will grant the motion to consolidate. No delay is justified by the requested appeal of the Order denying the motion to remand. On February 12, 2008, the Tenth Circuit denied Eatinger's request for an appeal (Dkt. No. 27). More importantly, the cases cited by Eatinger merely establish that procedural consolidation will not provide jurisdiction where it is otherwise lacking. Jurisdiction for both *Eatinger I* and *II* exists under CAFA.

Although there are minor differences in the two actions, it remains clear that the claims are closely related, triggering the application of the single-action rule, which is designed to "protect the defendant from the necessity of litigating similar claims in separate actions. *Oxbow Energy v. Koch Industr.*, 686 F.Supp. 278, 282 (D. Kan. 1988). Minor, and quite possibly purely hypothetical, differences in the exact nature of the plaintiff class membership or the recovery sought should not permit plaintiff to so easily evade the rule articulated in *Oxbow*. It is precisely to protect defendants in similar circumstances that the rule exists. And, it may be noted, plaintiff fails to offer any rationale for its apparent splitting of the action. The only potential rationale the Court can discern is the desire to evade both the single-action requirement and the jurisdictional standards of CAFA.

*Parsons Mobile Products, Inc. v. Remmert*, 216 Kan. 138, 139, 531 P.2d 435, 437 (1975), relied upon by Eatinger, is unhelpful, since the court there merely held that res judicata would not apply where there was "an entirely different claim for relief." This is not the case here. Eatinger's exegesis of *Parsons* – that claims splitting is barred only where there is exact uniformity of all aspects of two class actions – has no basis in the law. Under *Oxbow*, plaintiff has wrongfully split his claims and the claims of the class. All of these claims in both cases involve the same underlying claim, namely that BP America breached its contracts with various leaseholders by underpaying them the royalties due under the leases.

Accordingly, the court finds that the present actions should be consolidated for all purposes. The court further finds that it possesses authority under Rule 42(a)(3) to direct plaintiff in *Eatinger I* to file an Amended Complaint which incorporates and includes those allegations previously advanced separately in Case No. 08-1003-JTM.

IT IS ACCORDINGLY ORDERED this 26th day of August, 2008, that the plaintiff's Motion to Remand (Dkt. No. 3) in Case No. 08-1003-JTM is hereby denied; the Motion to Stay (Dkt. No. 5) is denied as moot; the Motion to Consolidate (Dkt. No. 20) in Case No. 97-1266-JTM is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE