IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE R. EATINGER, on behalf of himself
and all similarly situated royalty owners,

*Plaintiffs*,

vs.

Case No. 07-1266-EFM

BP AMERICA PRODUCTION COMPANY,

*Defendant.*

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff Gene R. Eatinger's Motion for Reconsideration of the Court's May 6, 2010 Order granting in part and denying in part Defendant BP America Production Company's ("BP") Motion for Summary Judgment. In that Order, the Court concluded that two prior Kansas class action settlements, *Youngren v. Amoco Production Co.*[1] and *Smith v. BP America Production Co.*,[2] including the broad release of claims contained therein, barred certain of Eatinger's and the putative class members' claims. Specifically, the Court determined that:

> Plaintiffs' claims relating to wells at any time dedicated to the Gas Purchase Contract dated June 23, 1950, as identified in both the *Youngren* and *Smith* Settlement Agreements, including the respective release of claims, based on BP's actions, or its predecessors that occurred prior to May 1, 2006, are hereby barred.[3]

---

[1] No. 98 CV 22 (26th Judicial Dist., Stevens County, Kan. July 1, 2004).

[2] No. 99 C 21 (26th Judicial Dist., Stevens County, Kan. May 24, 2006).

[3] Doc. 145, p.17 (Memorandum and Order on Defendant's Motion for Summary Judgment).

-1-

Plaintiff argues that reconsideration is warranted to prevent manifest injustice because in barring both Eatinger and other members of the putative class from bringing claims that occurred prior to May 1, 2006, the Court, in effect, is enforcing the *Smith* settlement on persons who were not members of the *Smith* class. Plaintiff also argues that the Court's Order goes beyond the relief BP requested in its summary judgment motion in that BP only sought summary judgment as to those Kansas claims that arose prior to August 1, 2004. Plaintiff, therefore, suggests that the Court should amend its previous Order to conform to the relief requested by BP and the differences between the *Youngren* and *Smith* settlement classes. BP agrees that "the proper date from which to bar claims for those class members who were not members of the class in *Smith* is August 1, 2004."[4]

As a threshold matter, the Court must determine the rule that governs Plaintiff's motion. Plaintiff brings his motion as a Motion to Reconsider the Court's Order on Summary Judgment pursuant to District of Kansas Local Rule 7.3(b). Rule 7.3(b), however, relates only to non-dispositive orders, and as Rule 7.3 makes clear, it does not apply to reconsideration of dispositive orders and judgments. This Rule states: "Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. The court will not grant reconsideration of such an order or judgment under this rule."[5]

Although the Federal Rules of Civil Procedure do not recognize motions for reconsideration,[6] the Court typically construes such motion regarding a dispositive order or judgment as either a Rule

---

[4]Doc. 153, p.1 (Defendant's Response to Plaintiff's Motion to Reconsider).

[5]D. Kan. R. 7.3(a).

[6]*Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order.[7] Under the Federal Rules of Civil Procedure, if a motion is filed within 28 days of the entry of a dispositive order or judgment, the Court will treat the motion as one to alter or amend the judgment. Here, Plaintiff moves for reconsideration of the Court's Order granting in part BP's Motion for Summary Judgment. Because BP's motion was dispositive, Rule 7.3 is inapplicable, but because Plaintiff filed his Motion to Reconsider within 28 days of the Court's Order, we will construe it as one to alter or amend judgment under Rule 59(e).

A motion to alter or amend under Rule 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. Such reconsideration is appropriate only if the Court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.[8] The resolution of the motion is committed to the sound discretion of the Court.[9]

Plaintiff's motion came on for hearing on July 27, 2010.[10] After hearing the parties' arguments and reviewing both the parties' briefing and the *Youngren* and *Smith* Settlement Agreements, the Court agrees that the May 6, 2010 Memorandum and Order on BP's Motion for Summary Judgment requires amending. Thus, the Court's conclusion with respect to the timeframe

---

[7]*Johnson v. Gilchrist*, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010) (citing *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995)).

[8]*Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983), *aff'd,* 770 F.2d 98 (7th Cir. 1985).

[9] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[10]Plaintiff appeared in person and through counsel, David E. Sharp and Rex A. Sharp of Gunderson Sharp & Walke, LLP. Defendant appeared through counsel, Arthur S. Chalmers of Hite, Fanning & Honneyman, LLP, and Scott S. Barker of Wheeler Trigg O'Donnell, LLP.

for barring claims, as outlined on page 17 of the Court's Order, is amended as follows: for those individuals who were members of the *Youngren* class, their claims relating to wells at any time dedicated to the Gas Purchase Contract dated June 23, 1950, as identified in the *Youngren* Settlement Agreement, including the respective release of claims, based on BP's or its predecessors' actions, that occurred prior to August 1, 2004 are hereby barred. In addition, claims that relate to Gathering Charges taken from royalty payments for the time period of August 2004 through August 2009 are similarly barred.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment (Doc. 148) is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Court's May 6, 2010 Memorandum and Order on BP's Motion for Summary Judgment is hereby modified pursuant to this Order.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE