## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GENE R. EATINGER, on behalf of himself
and all similarly situated royalty owners,

*Plaintiffs*,

vs.

BP AMERICA PRODUCTION COMPANY,

*Defendant.*

Case No. 07-1266-EFM

## MEMORANDUM AND ORDER

Plaintiff Gene R. Eatinger, on behalf of himself and other royalty owners of wells located in Kansas, brings claims against Defendant BP America Production Company ("BP") for underpayment or non-payment of royalties on natural gas and/or constituents of the gas stream produced from Kansas wells leased by BP. From Plaintiffs' Amended Complaint, they claim that they are the beneficiaries of an implied covenant with BP through which BP is obligated to place the gas extracted from their wells, along with all constituent parts, in marketable condition at no cost to Plaintiffs. Contrary to this implied covenant, Plaintiffs claim that BP deducted from their royalty payments or otherwise charged them for placing the gas and constituent parts in marketable condition. In addition, Plaintiffs claim BP paid them a lower starting price than it received in arms-length sales transactions, and further claim that BP made no payments at all for gas constituents such as condensate, nitrogen, and helium. Plaintiffs also allege that BP made misleading and fraudulent representations regarding methods of calculation and forms of payment. BP moved for summary

judgment as to claims advanced by the prospective plaintiff class covered by previously-settled class actions in Kansas,[1] after which the Court barred Plaintiffs' claims that occurred prior to August 1, 2004.[2] Prior to the Court issuing its decision on BP's summary judgment motion, Plaintiff moved for certification of the class.

On July 27, 2010, Plaintiff's Motion for Certification came before the Court for hearing. For the following reasons, the Court grants Plaintiffs' motion.

## A. MOTION TO CERTIFY CLASS

### I. Standard

Whether to certify a class is committed to the broad discretion of the trial court.[3] In exercising this discretion, the Court should err on the side of class certification because it has the authority to later redefine or even decertify the class if necessary.[4] In deciding whether to certify, the Court must perform a "rigorous analysis" as to whether the proposed class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[5] Rule 23 does not provide the

---

[1]Plaintiffs initially alleged claims concerning wells in Kansas, Colorado, and Wyoming, and BP's summary judgment motion argued that, in addition to the prior Kansas class action settlements, Plaintiffs' Colorado and Wyoming claims were similarly barred based on class action settlements and releases in those states. The parties, however, have stipulated to amending the class definition to include only those claims concerning Kansas wells.

[2]In the May 6, 2010 Order, the Court barred claims that occurred prior to May 1, 2006 pursuant to the *Smith* Settlement and release. Plaintiff subsequently moved for reconsideration, which the Court granted and modified its Order so as to bar Plaintiffs claims the occurred prior to August 1, 2004 pursuant to the settlement and release of *Youngren*.

[3]*See Shook v. El Paso County*, 386 F.3d 963, 967 (10th Cir. 2004).

[4]*Sibley v. Sprint Nextel Corp., et al.*, 254 F.R.D. 662, 670 (D. Kan. 2008) (citing *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968); *Clark v. State Farm Mut. Ins. Co.*, 245 F.R.D. 478, 481 (D. Colo. 2007); *Heartland Commc'ns, Inc. v. Sprint Corp.*, 161 F.R.D. 111, 115 (D. Kan. 1995)); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("[a]n order that grants or denies class certification may be altered or amended before final judgment.").

[5]*Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982); *see Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 158 F.R.D. 681, 685 (D. Kan. 1994).

Court with the authority to conduct a preliminary inquiry into the merits of the lawsuit to determine whether it may be maintained as a class action.[6]  The Tenth Circuit, however, has emphasized that the question of class certification involves considerations that are " 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' "[7]  Although the Court may not evaluate the strength of a cause of action at the class certification stage, it must consider, "without passing judgment on whether plaintiffs will prevail on the merits," whether the requirements of Rule 23 are met.[8]

As the parties seeking class certification, Plaintiffs have the burden to demonstrate "under a strict burden of proof" that the requirements of Rule 23 are clearly satisfied.[9]  In doing so, Plaintiffs must first satisfy the prerequisites of Rule 23(a) by demonstrating that: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact are common to the class, (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[10]  After meeting these requirements, Plaintiffs must demonstrate that the proposed class action fits within one of the

---

[6]*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *see Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)*; Anderson v. City Of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982).

[7]*Shook*, 543 F.3d at 612 (*quoting Falcon*, 457 U.S. at 160 (no "impermeable wall" between merits and decision to certify class)); *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999) (Granting or denying class certification is a highly fact-intensive matter of practicality); *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988) ("Whether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive.  Each case must be decided on its own facts, on the basis of 'practicalities and prudential considerations.' ") (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-03, 406 n.11 (1980)).

[8]*Shook*, 543 F.3d at 612; *see Eisen*, 417 U.S. at 178 (in determining propriety of a class action, the question is not whether plaintiffs state a cause of action or will prevail on merits, but whether the requirements of Rule 23 are met); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004) (court must address factors spelled out in Rule 23 through findings, even if they overlap with the issues on the merits).

[9]*See Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).

[10]Fed. R. Civ. P. 23(a).

categories described in Rule 23(b).

In this case, Plaintiffs seek to proceed under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" and that a class action "is superior to other available methods for the fair and efficient adjudication of the controversy."[11]

## II. DISCUSSION

### a. Class Definition

In determining whether to certify a class, the Court first addresses the proposed class definition. "Defining the class is of critical importance because it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the "best notice practicable" in a Rule 23(b)(3) action."[12] Thus, the definition must be "precise, objective, and presently ascertainable."[13]

Plaintiffs seek class certification of the following class:

All royalty owners of BP America Production Company (and its predecessors and successors) from wells located in Kansas that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) from September 9, 1990 to the date of class notice and whose gas was processed at BP's Jayhawk Processing Plant (or previously was gathered over the A, B, or C gathering lines that were historically operated by Williams).

Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); and (2) Defendant, its affiliates, predecessors, and employees,

---

[11]Fed. R. Civ. P. 23(b)(3).

[12]*In re Urethane Antitrust Litig.*, 237 F.R.D. 440, 444 (D. Kan. 2006) (citing Manual for Complex Litigation § 21.222, at 270 (4th ed. 2005)).

[13]*Id.*

officers and directors.[14]

BP argues that by including a timeframe that begins September 9, 1990, the proposed class definition encompasses a time period for claims that are barred by prior class action settlements, as raised in its Motion for Summary Judgment. Therefore, BP contends that any class definition approved by the Court should only target those royalty owners from August 1, 2004 to date of notice.

As a result of the Court's ruling on BP's summary judgment motion, the parties agreed during the July 27th class certification hearing that the proposed definition for the class should be modified to reflect the August 1, 2004 date. Thus, subsequent to that hearing, the parties jointly submitted to the Court the following proposed class definition:

> All royalty owners of BP America Production Company (and its predecessors and successors) from wells located in Kansas that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) on or after August 1, 2004 to the date of Class Notice and whose gas was processed at BP's Jayhawk Processing plant.

> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, predecessors, and employees, officers and directors; and (3) any claims for Gathering Charges.[15]

The Court, therefore, finds that the proposed class definition, as modified, is sufficiently defined so as to allow potential class members to be identified.

---

[14]Doc. 130, p.10, 33-34 (Plaintiffs' Memorandum on Class Certification).

[15]The term "Gathering Charges" means "all charges, expenses, or assessments, including fuel, associated with any and all activities occurring between the wellheads ... and the inlet to [BP]'s Jayhawk Plant in Grant County, Kansas, including, but not limited to, compression and dehydration, regardless of (1) whether such activities occurred on or off the leased premises, (2) what entity provided such services or how it is paid for, and (3) where or how title to the gas is transferred. *Youngren v. Amoco* (*Youngren II Stipulation of Settlement*, Section 1.9), Case No. 89- CV-22, Stevens County District Court, Kansas.

### b. Rule 23(a) Requirements[16]

#### 1. Numerosity

To satisfy the numerosity requirement of Rule 23(a)(1), Plaintiffs must establish that the class is so numerous so as to make joinder impracticable.[17] Plaintiffs must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved.[18] The Court has no set formula, however, for determining whether Plaintiffs meet this requirement.[19]

Plaintiffs compare the putative class in this case to the class certified in *Youngren v. Amoco Production Co.*,[20] claiming that because *Youngren* and this action are analogous cases, the present case meets the numerosity requirement. Plaintiffs assert that *Youngren* consisted of a smaller number of class members, and suggest that because the class in this case is defined more broadly than that in *Youngren*, the number of class members will be greater. Plaintiffs claim that BP has approximately 2,624 wells in Kansas, of which 2,381 were active as of the end of 2008. Plaintiffs assert that many, if not most, of these wells have more than one royalty owner, and therefore, there are more than 2,200 royalty owners in the proposed class. BP makes no assertion in its Response that Plaintiffs cannot meet the numerosity requirement. Therefore, based on the record and in light of BP's agreement during hearing that this element is satisfied, the Court finds that the proposed class is so numerous that joinder of all members would be impracticable. Accordingly, Plaintiffs

---

[16]During the July 27, 2010 hearing, based on the Court's ruling on BP's summary judgment motion, BP withdrew its objections and agreed that Plaintiff meets all Rule 23(a) requirements for class certification. Nonetheless, the Court will address in its analysis the objections initially raised by BP in its Response to the instant motion.

[17]*Trevizo*, 455 F.3d at 1162; Fed. R. Civ. P. 23(a)(1).

[18]*See Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).

[19]*Id.*

[20]No. 98 CV 22 (26th Judicial Dist., Stevens County, Kan. July 1, 2004).

have satisfied the numerosity requirement of Rule 23(a)(1).

## 2. *Commonality*

Rule 23(a)(2) requires Plaintiffs to show that "questions of law or fact are common to the class,"[21] that is, members of the putative class "possess the same interest and suffer the same injury."[22]  This inquiry requires the Court to find only whether common questions of law or fact exist; unlike the Court's analysis under Rule 23(b)(3), this inquiry does not require a finding that such questions  predominate.[23]

Plaintiffs have identified a number of issues of law or fact they claim are common to all putative class members, including: (1) whether BP properly deducts a share of the "Conservation Fee" imposed on "operators" from royalty owners; (2) whether the royalty price used to pay royalties on helium should be the "crude helium" price or a "Grade A helium" price; (3) when helium is in marketable condition; (4) whether BP is required to pay royalties on condensate or "slop oil"; (5) whether BP is required to pay royalties on liquid nitrogen; (6) whether BP is entitled to deduct a NGL transportation, fractional, or marketing fee paid to a BP affiliate; (7) when NGL's are in marketable condition; (8) whether BP is required to pay royalties on 100% of the NGL's or only on 65% as it has been doing; (9) whether BP is required to pay royalties on 100% of helium or only on 20% as it has been doing; (10) whether BP is entitled to take any deductions before the gas and its constituents are in marketable condition; (11) even assuming that some deductions for extraction of helium and NGL's were proper, whether the amounts taken by BP are excessive or unreasonable;

---

[21]Fed. R. Civ. P. 23(a)(2).

[22]*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982).

[23]*See Olenhouse v. Commodity Credit Corp.*, 136 F.R.D. 672, 679 (D. Kan. 1991).

(12) whether BP improperly reduces royalties by including sales to an affiliate names BP Canada in

the WASP calculation; (13) whether the raw gas is marketable at the well prior to conditioning; (14)

the interest rate owed by BP as a result of any failure to property compute and timely pay royalties;

and (15) whether BP owes royalty on the helium payment it received from Praxair in January 2009.[24]

In its Response, BP asserts that Plaintiffs have not, and in fact cannot, meet the commonality

requirement because they are unable to account for the impact of the prior *Youngren* settlement on

the certification request.  BP argues the representative plaintiff, Eatinger, lacks commonality with

the putative class he claims to represent because, as a class member of the *Youngren* settlement, he

released any claims that occurred prior to August 2004, including future claims relating to gathering

charges.  BP contends that as a result, Eatinger cannot be typical of or share a common interest with

the putative class, which purports to claim injury as far back as September 9, 1990.  Thus, BP argues

class certification fails on this basis.

BP's arguments concerning this element are unpersuasive.  Here, whether BP either failed

to pay or underpaid royalties is an issue that underlies every claim.  These claims are common not

only to the representative Plaintiff, but also to the putative class members.  Because Eatinger was

a class member of *Youngren*, certain of his claims that occurred prior to August 2004 are barred by

that settlement; however, his claims occurring from August 2004 to present remain viable.  The same

holds true for members of the putative class who were also members of the *Youngren* class.  Thus,

the Court finds that Plaintiffs have satisfied the commonality requirement.

### 3. *Typicality*

Rule 23(a)(3) requires that the representative plaintiff possess the same interests and suffer

---

[24]Doc. 130, pp. 13-14 (Plaintiffs' Motion for Class Certification).

the same injuries as the proposed class members.[25]  While the representative plaintiff's interests and claims need not be identical to those of the class members to satisfy the typicality requirement,[26] they must not be "significantly antagonistic" to the claims of the proposed class.[27]

Similar to commonality, typicality results directly from the nature of a plaintiff's claims. Eatinger asserts his claims are typical of the class members' claims because BP treats all royalty owners the same and uses the same methodology for calculating royalty payments.  Eatinger argues that the nature of the claims in this action would be the same if brought multiple times by various class members or once in a class action, and therefore, typicality is satisfied.

In response, BP argues against typicality by asserting the same arguments it presented with respect to commonality.  BP's assertions, however, do not defeat a finding of typicality under Rule 23(a)(3).  Here, Eatinger's and the putative class members' claims are based on the same legal theories and arise from the same pattern of conduct by BP.  They allege injury on account of BP's underpayment or failure to pay royalties.  Thus, the Court finds that Eatinger has met the typicality requirement.

### 4. Adequacy of Representation

Pursuant to Rule 23(a)(4), a representative plaintiff must show that he will fairly and adequately protect the interests of the class.[28]  To satisfy this requirement, the representative plaintiff

---

[25]Fed. R. Civ. P. 23(a)(3); *see also DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010).

[26]*See Stricklin*, 594 F.3d at 1198 (citing *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982)).

[27]*Olenhouse*, 136 F.R.D. at 680; *see also Stricklin*, 594 F.3d at 1198-99 ("Provided the claims of Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality.")

[28]*See* Fed. R. Civ. P. 23(a)(4).

must be a member of the class with which he seeks to represent, and must show that (1) his interests do not conflict with those of the class members and (2) that he will be able to prosecute the action vigorously through qualified counsel.[29]  To defeat class certification, a conflict must be fundamental and go to specific issues in controversy.[30]  A fundamental conflict exists where some members of the class claim harm through a representative plaintiff's conduct that resulted in benefit to other class members.[31]  Minor conflicts will not defeat class certification.[32]

Eatinger asserts that he has no interests antagonistic to the class, and accordingly, he is an adequate class representative.  BP made no argument to the contrary in its Response.  Therefore, the Court has no reason to doubt that Eatinger will adequately and fairly represent and protect the interests of all members of the putative class.

### c.  Rule 23(b)(3) Requirements[33]

In addition to meeting the requirements of Rule 23(a), Plaintiff must satisfy the requirements of one of three qualifying tests under Rule 23(b) to determine whether a class action may be maintained.  Here, Plaintiff seeks to certify the class under Rule 23(b)(3).  Rule 23(b)(3) addresses situations where "class action treatment is not as clearly called for as it is in Rule 23(b)(1) and (b)(2)

---

[29]*E. Tex. Motor Freight Sys., Inc., v. Rodriguez*, 431 U.S. 395, 403 (1977); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002).

[30]*Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).

[31]*See id.*; *Cf. Albertson's, Inc., v. Amalgamated Sugar Co.*, 503 F.2d 459, 464 (10th Cir. 1974) (the fact that class members benefit unevenly will not generally preclude class certification).

[32]*Valley Drug Co.*, 350 F.3d at 1189.

[33]During the July 27, 2010 Class Certification hearing, BP's indicated for the record that, based on the Court's summary judgment Order barring claims that occurred prior to August 1, 2010, its position is that Plaintiff satisfies all Rule 23(b)(3) requirements for class certification.  As with the Rule 23(a) requirements, the Court will nevertheless conduct an analysis under Rule 23(b)(3).

situation, [but] may nevertheless be convenient and desirable."[34] Thus, Rule 23(b)(3) "invites a close look at the case before it is accepted as a class action."[35]

Rule 23(b)(3) provides that a class action may be maintained if the Court finds that the Rule 23(a) prerequisites have been met, and that the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[36] The Rule lists four non-exhaustive factors for the Court to consider regarding the predominance and superiority criteria:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.[37]

### 1. Predominance Requirement

Plaintiff argues that BP's liability to the class will be proven through common evidence, and that the evidence will not vary between members of the class. Plaintiff also asserts that the case challenges the methods and formulas BP uses in calculating royalty payments, along with its failure to pay royalties at all on certain items, and does not turn on individual issues. Plaintiff also argues that the predominance prong is satisfied because production of the royalty owners is processed at

---

[34]*Amchem Prod., Inc., v. Windsor*, 521 U.S. 591, 615 (1997).

[35]*Id.*

[36]Fed. R. Civ. P. 23(b)(3); *see also Amchem*, 521 U.S. at 623 (predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"); *Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004) (Rule 23(b)(3)'s requirement that common issues predominate is "far more demanding" than Rule 23(a)'s commonality requirement).

[37]Fed. R. Civ. P. 23(b)(3)(A)-(D).

BP's Jayhawk plant, with royalties calculated and paid using the same formulas. Plaintiff contends that the arguments relating to royalty calculations and payments are identical for all class members, and claims that once the proper method is determined, royalties for each class member can be calculated using data already in BP's possession. BP fails to address predominance under Rule 23(b)(3) in its Response.

After reviewing the record, the Court finds that common questions in this case predominate over individual questions as to each royalty owner. The predominance requirement is met if there is a common nucleus of operative facts relevant to the dispute and those common questions represent a significant aspect of the case which can be resolved for all members of the class in a single adjudication.[38] Here, the critical issues for trial relate to BP's failure to pay royalties or the methods and/or formulas used in calculating royalties. These common questions represent a significant aspect of this case and can be resolved for all class members in a single adjudication. Thus, the Court concludes that Plaintiff has satisfied the predominance requirement of Rule 23(b)(3).

### 2. Superiority Requirement

Plaintiff asserts that a class action is the superior method for resolving these claims and that there is no other available method for handling the litigation. Plaintiff argues that because there are potentially thousands of royalty owners, litigating their claims in a class action is preferable over raising those claims in individual actions. Moreover, Plaintiff argues that because of the small size of any individual royalty owner's claim, absent bringing a class action, the claims would never be adjudicated due to the disproportionate wealth of the parties. BP does not address the superiority

---

[38]*See Smith v. MCI Telecomm. Corp.*, 124 F.R.D. 665, 684 (D. Kan. 1989); *Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635 (D. Colo. 1986).

requirement under Rule 23(b)(3).

In this case, the alternative to a class action would be for members of the class to individually bring suit to adjudicate their claims. This obviously would create unnecessary duplicative litigation, which would be costly and inefficient. While it may become necessary to compute damages on an individualized basis, as Plaintiff asserts, BP already has processes in place to make those computations.[39] Therefore, the Court finds that the class claims are manageable and that a class action is the most superior method for resolving the claims at issue in this lawsuit.

### d. Conclusion

Based on the foregoing, the Court concludes that Plaintiff's proposed class satisfies the requirements of Rule 23. Accordingly, the class will be certified with respect to all of Plaintiffs' claims.

### III. Appointment of Counsel

An order certifying a class must also appoint class counsel that will adequately represent the interests of the class.[40] The Court must consider the work counsel has done in identifying or investigating potential claims in the actions, counsels' experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class.[41]

Plaintiff is presently represented by the law firm of Gunderson Sharp & Walke, LLP ("Gunderson Sharp"), with offices located in Kansas, Iowa, and Texas. BP does not oppose

---

[39]*See Smith*, 124 F.R.D. at 677 (individualized damages claims are no barrier to class certification where computation is mechanical in nature).

[40]Fed. R. Civ. P. 23(c)(1)(B), (g)(1).

[41]Fed. R. Civ. P. 23(g)(1)(C).

Gunderson Sharp as class counsel for this action. After reviewing the record, the Court is satisfied that the law firm of Gunderson Sharp meets the criteria of Rule 23(g) and will adequately represent the interests of the class as counsel. Gunderson Sharp has participated in this action since its inception and has prepared and filed all briefing on behalf of Plaintiff. Gunderson Sharp has also participated in numerous depositions with regard to class certification in this case and has conducted all discussions with opposing counsel. Gunderson Sharp also has previously been appointed as class counsel in this Court in an unrelated case. Accordingly, the Court is confident Gunderson Sharp is qualified to represent the plaintiff class in this lawsuit. Thus, this firm is appointed as counsel for this action.

## IV.  Notice

Under Rule 23(c)(2)(B), when a court certifies a class under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[42]  The Court believes that the majority, if not all, of the class members can be identified through reasonable efforts. Clearly, BP possesses the names and contact information for those royalty owners associated with BP's wells located in Kansas to that allow it to make royalty payments to those individuals. Therefore, BP is directed to provide Plaintiffs' counsel with the names, addresses, and if possible, telephone numbers for all royalty owners falling within the defined class on or before September 3, 2010. Also on or before September 3, 2010, Plaintiff shall prepare and provide to the Court for approval an order regarding notice that complies with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

---

[42]Fed. R. Civ. P. 23(c)(2)(B).

**B. MOTION TO SEVER**

Plaintiffs also moves the Court, pursuant to Fed. R. Civ. P. 54(b), to issue final judgment on claims occurring prior to August 1, 2004 that were barred by the Court's May 1, 2010 Order on BP's Motion for Summary Judgment. Plaintiffs argue that conflicting authority exists concerning the manner in which the record must reflect a prior court's findings on class certification and settlement factors. Plaintiffs claim that this issue is a purely a matter of law, that there is no just cause to delay, and that no judicial savings by waiting would be realized.

BP opposes severing, arguing that Plaintiffs do not seek to sever a claim, but instead, seeks to sever the time period of all claims that the Court has ruled is barred by the previous class action settlement and release. BP asserts that to sever this timeframe from the instant action would result in piecemeal litigation.

A court's certification under Rule 54(b) is only appropriate when the order that it is certifying is a final order, and when there is "no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[43] An order must be "final" in the sense that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[44] A "claim" is generally understood to encompass both the legal and factual elements of a case, and does not become final "unless the claims disposed of are separable from the remaining claims against the same parties."[45] In the instant case, the Court's Order on BP's summary judgment motion did not dispose of any claim; rather, the Court's Order limited the timeframe from which the

---

[43]*Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citing Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

[44]*Bruner*, 259 F.3d at 1242 (citing *Curtiss-Wright Corp.* 446 U.S. at 7) (internal quotations omitted).

[45]*Id.* (quoting Moore's Federal Practice 3d § 202..06[2]).

Plaintiffs may bring their claims. Thus, the Court is unable to issue final judgment on any particular claim in this action. Accordingly, the Court denies Plaintiffs' Motion to Sever.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Certify Class (Doc. 129) is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Court appoints as class counsel the law firm of Gunderson Sharp & Walke, LLP.

**IT IS FURTHER ORDERED** that **on or before September 3, 2010,** Defendant BP shall provide Plaintiffs' counsel with the names, addresses, and if possible, telephone numbers for all royalty owners who are potential members of the class.

**IT IS FURTHER ORDERED** that **on or before September 3, 2010,** Plaintiffs shall provide the Court for approval an order regarding notice that complies with the requirements of Fed. R. Civ. P. 23(c).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Sever (Doc. 150) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2010.

_Eric F. Melgren_

_____
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE