IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Gene R. Eatinger, on behalf of himself and all similarly situated royalty owners,

    *Plaintiffs*,

vs.

BP America Production Company,

    *Defendant.*

Case No. 07-1266-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Class' Motion to Exclude Chesapeake Entities from Settlement Class (Doc. 344). A settlement agreement was reached between Gene Eatinger, the named class representative, and BP America Production Company. The issue is whether Chesapeake (and its affiliated entities), as unnamed class members, can be excluded from this settlement agreement. Finding that Chesapeake does not have standing and will not be prejudiced from the exclusion, the Court grants Plaintiffs' motion.

On August 3, 2010, the Court certified the following class:

> All royalty owners of BP America Production Company (and its predecessors and successors) from wells located in Kansas that have been paid royalties for gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) on or after August 1, 2004 to the date of Class Notice and whose gas was processed at BP's Jayhawk Processing plant.
>
> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, predecessors, and employees, officers and directors; and (3) any claims for Gathering Charges.

On July 17, 2012, the parties notified the Court that the parties had reached a settlement. On July 31, 2012, the parties filed their motion for approval of the settlement and advised the Court that it had modified the class definition to exclude Chesapeake from the settlement class. The modified class definition is as follows:

> All royalty owners of BP America Production Company (and its predecessors and successors) from wells located in Kansas that have been paid royalties for gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) on or after August 1, 2004 to the date of Class Notice and whose gas was processed at BP's Jayhawk Processing plant.
>
> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Chesapeake Energy Corporation, Chesapeake Operating, Inc., Chesapeake Royalty, and any Chesapeake affiliated entity; (3) Defendant, its affiliates, predecessors, and employees, officers and directors; and (4) any claims for Gathering Charges.

The Court granted the parties' Motion for Settlement, including the modified class definition, on August 3, 2012.

Plaintiff Class also filed a Motion to Exclude Chesapeake Entities from Settlement Class on August 2, 2012. Chesapeake responded to Plaintiffs' Motion to Exclude. It asserts that the Court should deny the Motion to Exclude because it contends that its interests are not adverse to the class. Chesapeake states that it does not object to the settlement agreement. Interestingly, Chesapeake also states that it does not object to the settlement agreement's provision that class counsel may be entitled to up to one-third in attorney's fees and the class representative may receive up to a one percent incentive award. Yet, Chesapeake maintains that if it is excluded from the class, it will not have the opportunity to be heard on the reasonableness of amount of

attorney's fees, and it does intend to question the attorney fee's and incentive award amount at a later date.

After reading the briefs and conducting a hearing on this matter, the Court finds that Chesapeake does not have standing to object to the agreement. The named class representative, and all of the other approximately 6,000 unnamed class members, do not object and seek implementation of the settlement agreement.  Most importantly, Chesapeake is not prejudiced by the settlement agreement. Chesapeake wants to separately litigate matters while all of the other approximate 6,000 unnamed class members would like to settle the case.[1] Chesapeake states that its interest is not adverse to all of the class members. But attorney's fees are part of the settlement agreement, and Chesapeake's continued litigation of that issue is adverse to the rest of the class members because under the Settlement Agreement it will delay the distribution of the settlement. Chesapeake wants to separately litigate the attorney's fees issue and, if excluded from the class, it can separately litigate, and shown itself fully capable of separate litigation. This separate litigation should not delay the settlement as to the other class members who desire the settlement, and will not prejudice Chesapeake whose claims are preserved by this settlement.

---

[1] As noted above, Chesapeake simultaneously asserts that it does not object to the settlement agreement or the inclusion of the attorney's fees and incentive award within the settlement agreement, but  it will dispute the reasonableness of the attorney's fees and incentive award.

**IT IS ACCORDINGLY ORDERED** that Plaintiffs' Motion to Exclude Chesapeake Entities from Settlement Class (Doc. 344) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 12th day of September, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE